**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE GOLDEN 1 CREDIT UNION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>H&B GROUP, INC., dba NISSAN OF BAKERSFIELD, et al.,<br><br>                    Defendants.<br>                                                          / | Case No. 1:06-cv-1717 OWW TAG<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTION FOR REMAND<br>(Doc. 38) |

On October 12, 2006, Plaintiff Golden 1 Credit Union ("Plaintiff"), filed a lawsuit against Defendant H&B Group, Inc., dba Nissan of Bakersfield ("Defendant") in the Superior Court of Sacramento County, asserting causes of action for breach of contract, fraud by concealment, fraud by intentional misrepresentation, and unfair competition in violation of California Business and Professions Code § 17200. (Doc. 1, Exhibit A, Complaint). Defendant timely removed the action to this Court, asserting federal subject matter jurisdiction. (Doc. 1). On February 2, 2007, Plaintiff filed a motion to remand. (Doc. 20).

On April 27, 2007, the Magistrate Judge issued a Report and Recommendation that recommended this case be remanded to the state court. (Doc. 38). The Report and Recommendation, which was served on all parties, contained notice that objections or replies thereto were to be filed within fifteen (15) days. (Id.). On May 8, 2007, Defendant objected to the Report and Recommendation. (Doc. 39). On May 17, 2007, Plaintiff filed its response to Defendant's objections. (Doc. 40). On May 18, 2007, Defendant filed a reply to the response. (Doc. 41).

\\\

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72-304, this Court has conducted a de novo review of the case. Having carefully evaluated the entire file, the Court finds that the Report and Recommendation is supported by the record and by the Magistrate Judge's analysis. Defendant removed this action alleging that there was federal subject matter jurisdiction because Plaintiff is subject to federal laws and regulations. Absent complete preemption by these federal laws, which is not present in the instant case, there is no federal subject matter jurisdiction unless a federal question is raised on the face of the well-pled complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987); Donald v. The Golden 1 Credit Union, 839 F.Supp. 1394 (E.D. Cal. 1993). Here, Plaintiff's complaint does not allege any claims that are founded on a federal claim or right, and its right to relief does not depend on the resolution of a substantial question of federal law. Defendant fails to appreciate that the possibility that its defense will raise federal questions or the state court may have to construe and apply federal law does not establish federal subject matter jurisdiction. Accordingly, remand of this case is appropriate.

IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Doc. 38), is ADOPTED IN FULL;

2. Plaintiff's Motion to Remand this action to the Sacramento County Superior Court, (Doc. 20), is GRANTED; and

3. The Clerk of this Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   May 26, 2007**            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE